IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,560-01






EX PARTE TONY DOUGLAS LAY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 35481-B IN THE 124TH JUDICIAL DISTRICT COURT


FROM GREGG COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
aggravated assault, and was sentenced to twenty years' imprisonment. He waived his right to appeal
the conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to object to defects in the indictment, failed to investigate evidence provided by Applicant
in his defense, and told Applicant that if he did not plead guilty he would be facing five to ninety-nine years in prison. 

 Applicant alleges that he presented counsel with statements from various witnesses to the
offense, who would have been willing to testify that Applicant and the complainant were mutual
participants in a fist fight. Although counsel acknowledged the information contained in the
statements, he allegedly told Applicant that the State's witnesses would testify that Applicant was
the first aggressor. Applicant also alleges that he informed counsel that the indictment was
defective, in that the date alleged as the date upon which Applicant was convicted of the
enhancement offense was incorrect. Apparently, counsel advised Applicant to plead guilty to the
primary offense, and the State waived the enhancement allegation. 

 More importantly, however, the indictment in this case alleges only a simple assault. 
Although Applicant was advised of the punishment range applicable to a second degree felony
aggravated assault, and stipulated to committing aggravated assault "as charged in the indictment,"
the indictment did not charge aggravated assault. There is nothing in the record to indicate whether
the State had or introduced evidence of serious bodily injury to the complainant. If Applicant had
gone to trial on the indictment as it existed at the time of the plea, he would have been subject to
punishment for a misdemeanor offense only.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel was aware that the
indictment alleged only a simple assault. If counsel was not aware of this fact, the trial court shall
make findings as to whether there existed evidence of serious bodily injury to support a conviction
for aggravated assault. If counsel was aware of the omission in the indictment, the trial court shall
make findings as to why counsel advised Applicant to plead guilty to an offense more serious than
that with which he was charged. The trial court shall also make findings as to whether the date
alleged in the enhancement paragraph was the correct date upon which Applicant was convicted of
burglary of a habitation in cause number 29010-A in the 188th District Court of Gregg County. If
the date is incorrect, the trial court shall make findings as to whether Applicant pointed out the
discrepancy to counsel prior to the entry of the plea. The trial court shall make findings as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 9, 2008

Do not publish